IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT PENNINGTON, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 12-cv-1052-DHR-CJP |
| | ) |
| K. ASK-CARLSON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Through counsel, Robert Pennington, Sr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 1). In April, 2000, he pled guilty to a charge of conspiracy to manufacture methamphetamine in the Southern District of Illinois. He was sentenced to 262 months imprisonment in February, 2001. *U.S. v. Pennington*, 4:00-cr-40013-JPG, Docs. 25 & 183.

Petitioner argues that he is entitled to habeas relief because he received ineffective assistance of counsel and the court erred in not allowing him to withdraw his guilty plea. Respondent argues that Pennington is precluded from bringing a § 2241 petition.

### I. Jurisdiction, Venue, and the Proper Respondent

The petition reflects that Pennington was confined at FCI Pollock, in Pollock, Louisiana, and names the United States of America as the respondent. According to the BOP's website, http://www.bop.gov/inmateloc/, Pennington is still confined at FCI Pollock.

In its order on threshold review, the Court advised petitioner that the United States was not a proper party and that, pursuant to 28 U.S.C. § 2243, the petition should be "directed to the person having custody of the person detained." The Court ordered petitioner to amend his petition to name the correct respondent within twenty-one days (Doc. 2). However, petitioner did not do so.

Notwithstanding petitioner's failure to name the correct respondent, the United States Attorney entered an appearance on behalf of K. Ask-Carlson, Warden of FCI Pollock, and filed a response to the petition. Docs. 5 & 6.

This petition should have been filed in the Western District of Louisiana, where Pennington was confined at the time the petition was filed, and should have named K. Ask-Carlton as respondent. However, these errors do not divest the Court of subject-matter jurisdiction. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331; section 2241 deals with remedies and is not a jurisdictional clause. *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).

The United States Attorney filed a response on behalf of Warden Ask-Carlton without raising personal jurisdiction or venue. "[T]he identity of the custodian and the location of the litigation concern venue and personal jurisdiction, rather than subject-matter jurisdiction, and hence may be waived or forfeited by the respondent." *Id.* (citing *Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004)). The issues of personal jurisdiction and venue having been waived, the Court will consider the merits of the petition.

K. Ask-Carlton is ordered substituted as respondent herein.

## II.  Relevant Facts and Procedural History

Petitioner did not file a direct appeal. In February, 2002, he filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in this district. *Pennington v. U.S.A.*, 4:02-4038-JPG. He alleged that his indictment was defective because it did not specify the drug quantity; therefore, his guilty plea was invalid, and the waiver of right to file an appeal and post-conviction remedy contained in his plea agreement was void. He also alleged that his counsel was ineffective in advising him to plead guilty to a defective indictment, failing to investigate and prepare for trial, failing to discuss plea negotiations and the terms of the plea agreement with petitioner, and in advising him to sign a plea agreement that was wholly favorable to the government. The motion was denied on substantive grounds. *Pennington v. U.S.A.*, 4:02-4038-JPG, Doc. 7. Pennington did not appeal.

The instant petition raises the following issues:

1. Counsel was ineffective in failing to file a motion to suppress a videotape and his statement, advising Pennington to agree to waive his right to appeal without advising him of his rights, failing to spend adequate time investigating and advising Pennington, and failing to aggressively attack the Pre-Sentence Investigation.

2. The trial court erred in refusing to permit Pennington to withdraw his plea.

## III.  Analysis

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United*

*States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. § 2255 in the court which sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d

605, 611 (7th Cir. 1998)

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

It is manifestly clear that Pennington's petition does not fit within the savings clause of 28 U.S.C. § 2255(e). Petitioner's claims do not rely on a change in the law that postdates his § 2255 motion. He did not file a reply to the response to his petition, although he was granted time to do so (Doc. 7). The petition offers the following explanation for why the remedy under § 2255 is inadequate or ineffective:

> Movant was unable to fully devolp [sic] the issues of ineffective assistance [of] Counsel as guaranteed under the 6th Amendment of the US Constitution until he had time to review the PSI, transcripts, research by family members and then retention of undersigned Counsel.

Doc. 1, p. 5.

Petitioner's claims of ineffective assistance of counsel rely upon the law as it existed at the time of his plea and sentencing. The claims he advances here could

have been, and to some extent were, brought in his § 2255 motion. Where the claim being advanced in a § 2241 petition could have been, or was, advanced in a prior § 2255 motion, the remedy offered by § 2255 is not inadequate or ineffective. *Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002); *Davenport*, 147 F.3d at 609.

Furthermore, it is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

## IV. Conclusion

The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 27th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.27
15:28:10 -06'00'

**Chief Judge
United States District Court**